ELWOOD B. MINGAY, Appellant, *v.* MARY ESTELLE LACKEY, Respondent, Impleaded, etc.

*Provision as to a life estate in an interlocutory judgment of partition — expunged by an amendment.*

Where an interlocutory judgment, in an action for the partition of land, directing the sale of real estate, contains a provision relating to a life estate therein, and the tenant for life dies prior to the sale thereof, the provisions of the interlocutory judgment relating to such life estate are properly expunged by an amendment of the judgment.

The interlocutory judgment does not divest the life estate.

APPEAL by the plaintiff, Elwood B. Mingay, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 20th day of May, 1893, amending an interlocutory judgment entered in said clerk's office on the 17th day of April, 1893, by striking out of the same a provision in regard to the sale of the life

estate owned by a defendant who had died since the application for such interlocutory judgment.

This action was brought for the partition of certain real property wherein the plaintiff, as the assignee of one James B. Mingay, had an estate as tenant by the curtesy. On April 17, 1893, an interlocutory judgment was entered in the action, which provided for the computation and payment of a gross sum as the value of such life estate, to be fixed after the sale out of the proceeds thereof. On April 27, 1893, and before the sale of such property, James B. Mingay died, and thereafter an order was made by the Supreme Court amending the interlocutory judgment by striking out the provision thereof in regard to the estate by the curtesy.

*Sidney H. Stuart*, for the appellant.

*Edwin S. Babcock*, for the respondent.

PRATT, J.:

The interlocutory judgment did not divest the estate by curtesy. That existed and was fully enjoyed till the death of the life tenant. The object of paying a gross sum to the life tenant out of the proceeds of the sale is to indemnify the life tenant for the estate of which he is to be deprived by the partition sale and the conveyance under it. As the life tenant died before the sale took place, the life estate thus extinguished can no longer be the subject of sale, and the provisions of the interlocutory judgment relating thereto were properly expunged by amending the judgment.

*Mulford* v. *Hiers* (13 N. J. Eq. 13) is a case of dower, but the principle is applicable here.

The order appealed from should be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.